# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jyron Mendale Young, | Case No. 23-cv-889 (ECT/DTS) |
| Plaintiff | |
| v. | **REPORT AND RECOMMENDATION** |
| Officer Chris Wegner; et al., | |
| Defendants. | |

Plaintiff Jyron Mendale Young was previously ordered to show cause why the above-captioned matter should not be dismissed as duplicative of *Young v. City of Bloomington Police Department, et al.*, 22-cv-1989 (D. Minn. Aug. 10, 2022) (*Young I*). *See* Dkt. No. 9. Young has since filed a response with the Court, saying that he filed this action because he was under the mistaken impression that *Young I* had been dismissed without prejudice in its entirety and that he needed to file a new action naming only Wegner and Johnson as defendants. Dkt. No. 11. Young requests that this matter proceed because he has already filed evidence in support of his claims to the Court. *Id.* In the alternative, he requests that this evidence be filed in *Young I. Id.* Young has also filed a Motion to Appoint Counsel. Dkt. No. 10.

Young appears to agree that the substance of the litigation in this case is the same as *Young I*. And *Young I* is substantially further along than this case: service has already been executed, attorneys have entered their appearances, and the court has issued a pretrial scheduling order. *See Young I*, Dkt. No. 29. Indeed, the discovery phase of that litigation is clearly well underway. *Young I*, Dkt. Nos. 35-37. Because that case involves the same issues and parties and is farther along than this one, the Court sees no reason

for this case to continue, particularly considering that Plaintiff continues to prosecute his case in *Young I*. In asking for one of the two cases to be dismissed, Young also appears to recognize that it is unnecessary for both cases to go forward.

Accordingly, the Clerk should be directed to docket all Plaintiff's filings and exhibits in this case, including the USB drive purportedly containing video, audio, and photographs of the incident in question, Compl. Exh. 2, Dkt. No. 1, in *Young I*. This action should then be DISMISSED without prejudice consistent with Young's request pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Finally, the Court recommends that Young's Motion to Appoint Counsel, Dkt. No. 10, be DENIED as MOOT. The Court notes that Young filed the same motion in *Young I*. *See Young I*, Dkt. No. 34. The Court's Order with respect to Young's Motion to Appoint Counsel in this case has no bearing on his motion in that case, which remains pending at this time. Further, the dismissal of this action is not intended in any way to affect the disposition of *Young I*.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. The Clerk be DIRECTED to docket all filings and exhibits in this case, including the USB drive purportedly containing video, audio, and photographs of the incident in question, Compl. Exh. 2, Dkt. No. 1, in *Young I*.

2. This action be DISMISSED without prejudice consistent with Young's request under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

3. Young's Motion to Appoint Counsel, Dkt. No. 10, be DENIED as MOOT.

Dated: June 9, 2023                                    ____s/David T. Schultz_____
                                                                      DAVID T. SCHULTZ
                                                                       U.S. Magistrate Judge